# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-40130
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2025

Lyle W. Cayce
Clerk

Olamide Olatayo Bello,

*Plaintiff—Appellant*,

*versus*

Amos L. Mazzant, III, *Judge*; Kimberly C. Priest Johnson, *Judge*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:24-CV-817

———————————————————————

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

    While he was a pretrial detainee, Olamide Olatayo Bello, former Fannin County inmate # 65100510, filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the district court judge and magistrate judge presiding over his federal criminal proceedings lacked subject matter and personal jurisdiction

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to act and asserting that their rulings violated his constitutional and due process rights. He also moved for leave to proceed in forma pauperis (IFP). The district court adopted the report and recommendation of the magistrate judge and dismissed Bello's complaint without prejudice after Bello failed to comply with a court order to submit his complaint on the proper form and to provide a certified document from the jail reporting all deposits and expenditures for the preceding six months to his prison account; the court also denied Bello leave to proceed IFP on appeal. Bello now moves this court for leave to proceed IFP on appeal.

An appellant's motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The district court determined that Bello's appeal would not be taken in good faith for the reasons given in the magistrate judge's report, which was adopted in the order of dismissal. Before this court, Bello asserts without analysis that the district court improperly assessed his financial situation under the Prison Litigation Reform Act and abused its discretion in denying him IFP status. He has not identified any error in the basis for the district court's denial of IFP and has thus failed to brief the relevant issues. *See id.*; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Bello has not established that he will present a nonfrivolous issue on appeal. *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. This court's dismissal of the appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Bello is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed

No. 25-40130

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).